1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND M. DOUGLAS,                       No.  2:16-cv-02953-TLN-AC

12                  Plaintiff,

13          v.                                  ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14    HUFFMAN,

15                  Defendant.

16

17          This matter is before the Court on defendant's Motion to Dismiss, scheduled for hearing

18    on June 21, 2017.  ECF No. 16.  In response to defendant's motion, plaintiff filed a Statement of

19    Non-Opposition.  ECF No. 17.  Having considered the unopposed arguments submitted by

20    defendant, the court VACATES the June 21, 2017 hearing and recommends that defendant's

21    motion be GRANTED and this case be DISMISSED with leave to file an amended complaint

22    within 30 days of this order.

23                            **I.    BACKGROUND**

24          Plaintiff, proceeding pro se, filed his complaint on December 18, 2016.  ECF No. 1.  In his

25    complaint, plaintiff alleges that in 2014, he noticed that he was being followed and stalked by a

26    woman he had gone to high school with.  Id. at 2.  In January and February of 2015, plaintiff

27    began spending time on Alhambra Boulevard.  Id.  Plaintiff alleges the woman continued to stalk

28    him.  Id.  On March 23, 2015, plaintiff asserts that he was taking shelter under boxes when

                                            1

1 | defendant, a Sacramento Police Officer, tore the boxes off of him and assaulted him, ultimately

2 | breaking his arm.  Id. at 3.

3 | On May 27, 2015, plaintiff states that he submitted a Sacramento County Sheriff's

4 | Department Citizen Complaint Form about the March 23rd incident.  Id. at 5.  On Monday, June

5 | 1, 2015, plaintiff received a phone call from the Sacramento County Sheriff's Department

6 | Internal Affairs Division.  Id.  Plaintiff had an interview with Internal Affairs on June 3, 2015.  Id.

7 | After some negotiations, plaintiff states that he felt pressured to agree to accept $2,000 and

8 | payment of current and future medical expenses to settle his claims.  Id. at 6.  Plaintiff asserts that

9 | he was handed a document titled "Release of all Claims" and was instructed to read and

10 | understand it before signing.  Id.  The deputy stated that the form meant plaintiff was releasing all

11 | claims against the Sacramento County Sheriff's Department.  Id.  Plaintiff, "naïve of the

12 | government claims process," signed the document.  Id.  Plaintiff received payment the same day.

13 | Id. at 7.

14 | Plaintiff alleges that his high school classmate continues to stalk him, "following and

15 | watching in the company of Sheriff unmarked vehicles[.]"  Id. at 8.  Plaintiff followed up several

16 | times with the Department of Internal Affairs to check on the status of his case, and was told by

17 | the adjuster that there would be no further compensation.  Id.  Around September of 2015,

18 | plaintiff alleges he began experiencing a "mockery by individuals that plaintiff comes into contact

19 | with, throughout the city."  Id. at 9.  Plaintiff asserts that the Sacramento County Sheriff's

20 | Department publicized information about him, potentially in a conspiracy.  Id.  Plaintiff alleges

21 | that when he utilized the Sacramento Central Library computers, defendant sat next to him and

22 | made a gesture with his right arm, and showed plaintiff a shiny tooth.  Id. at 10.  Plaintiff states

23 | that he followed up with Risk Management again in December of 2015 regarding the status of his

24 | claim, and was told that the claim had already been settled.  Id. at 11.  Plaintiff again saw

25 | defendant, accompanied by the woman who is stalking him.  Id.

26 | **II.    CLAIMS**

27 | Plaintiff presents several claims that are apparently based on the March 23, 2015 incident

28 | between plaintiff and defendant.  These claims include Assault (First Cause of Action), Unlawful

2

Arrest (Third Cause of Action), Excessive Force (Fourth Cause of Action), Battery (Fifth Cause of Action), and False Imprisonment (Sixth Cause of Action). Plaintiff makes two other claims related to the alleged publication of information about him, which he alleges resulted in widespread mockery. These claims include Defamation (Seventh Cause of Action), and Slander (Second Cause of Action). On May 15, 2017, defendant filed a motion to dismiss plaintiff's complaint in its entirety. ECF No. 16. Plaintiff filed a statement of non-opposition to the motion. ECF No. 17.

### III.  ANALYIS

#### A.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). In a plausible claim, "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 545); see also Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir.2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Iqbal at 1949). The Court must accept plaintiffs' factual allegations as true, but is not required to accept plaintiff's legal conclusions as true. Id. at 1949–150. Courts are not required to accept as true legal conclusions that are framed as factual allegations. Iqbal, at 1950 (citation omitted). Complaints by plaintiffs proceeding pro se are construed liberally when being evaluated under Iqbal, with the plaintiff afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)

//

//

3

1

2

      B.  <u>Plaintiff's Claims Related to the March 23, 2015 Incident Were Already Settled and Released</u>

3

Plaintiff's claims related to the March 23, 2015 incident with defendant should be

4

dismissed because plaintiff previously settled and released all claims against defendant.

5

Plaintiff's claims related to the March 23, 2015 incident include his claims for Assault (First

6

Cause of Action), Unlawful Arrest (Third Cause of Action), Excessive Force (Fourth Cause of

7

Action), Battery (Fifth Cause of Action), and False Imprisonment (Sixth Cause of Action).

8

9

Plaintiff's complaint alleges on its face that he settled, was compensated for, and released all

claims related to the March 23, 2015 incident. ECF No. 1 at 6. Defendant presents the settlement

10

and release as grounds for dismissal, and plaintiff does not object. ECF No. 16-1 at 11, 13, 14.

11

12

Accordingly, plaintiff's claims should be dismissed.

13

      C.  <u>Plaintiff's Claims for Defamation and Slander Fail to State a Claim</u>

14

The only claims plaintiff brings that he does not allege were previously released are for

15

Defamation (Seventh Cause of Action) and Slander (Second Cause of Action). To properly

16

allege a claim of slander, a plaintiff must allege the substance of the defamatory statement. <u>Okun</u>

17

<u>v. Superior Court</u>, 29 Cal. 3d 442, 458, 629 P.2d 1369 (1981). Although "[l]ess particularity is

18

required when it appears that defendant has superior knowledge of the facts" a plaintiff still must

19

allege enough to give the defendant "notice of the issues sufficient to enable preparation of a

20

defense." <u>Id.</u> Similarly, defamation "involves the intentional publication of a statement of fact

21

that is false, unprivileged, and has a natural tendency to injure or which causes special damage."

22

23

<u>Smith v. Maldonado</u>, 72 Cal. App. 4th 637, 645, 85 Cal. Rptr. 2d 397 (1999), <u>as modified</u> (June

24

23, 1999). Plaintiff has not alleged any particular defamatory or slanderous statement made by

25

any particular person; plaintiff alleges only that non-specific information about him was

26

publicized. ECF No. 1 at 9. Defendant asserts that plaintiff's slander and defamation claims fail

27

28

to put him on notice of the substance of the alleged slander and defamation, and therefore do not

4

enable him to prepare a defense. ECF No. 16 at 11 and 17. Plaintiff does not contest this assertion, and does not oppose dismissal on this basis. ECF No. 17. For this reason, the undersigned recommends that these claims be dismissed.

## IV. PRO SE PLAINTIFF'S SUMMARY

The Magistrate Judge is recommending dismissal of the complaint. Defendant asked the Magistrate Judge to dismiss the complaint, and plaintiff said he did not oppose dismissal. The complaint is being dismissed for two reasons. First, plaintiff and defendant seem to agree that all of the claims related to the March 23, 2015 incident were settled and that plaintiff agreed that he cannot bring any more claims based on this incident. Second, with respect to plaintiff's slander and defamation claims, plaintiff did not allege any particular defamatory or slanderous statements that were made, or who made them. For this reason, plaintiff did not state a claim for slander or defamation. Although the Magistrate Judge is recommending that the complaint be dismissed, plaintiff will be allowed 30 days to file an amended complaint. The amended complaint should comply with the instructions below. Failure to file an amended complaint will result in this case being closed.

## V. AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. Plaintiff must allege facts showing that each of the elements of every cause of action, set forth above at part III, are met. For defamation and slander, plaintiff must provide enough information to put defendant on notice and allow him to prepare a defense. If plaintiff includes any claims related to the March 23, 2015 incident, he must also explain why the settlement and release does not bar them.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph

5

should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Forms are available to help the plaintiff organize his complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See  Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.    CONCLUSION**

The hearing on this matter set for June 21, 2017 is VACATED.  The undersigned

6

1  recommends that defendant's motion to dismiss be GRANTED and that plaintiff's complaint be

2  DISMISSED with 30 days to file an amended complaint.

3         These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

7  document should be captioned "Objections to Magistrate Judge's Findings and

8  Recommendations."  Any response to the objections shall be filed with the court and served on all

9  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

10 objections within the specified time may waive the right to appeal the District Court's order.

11 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

12 (9th Cir. 1991).

13        IT IS SO ORDERED.

14 DATED: June 12, 2017

15 _____
   ALLISON CLAIRE
16 UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28